UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DOUGLAS McCLOY,

        Plaintiff,

                              CASE NO. 14-13110
v.                               HONORABLE SEAN F. COX

OAKLAND COUNTY PROSECUTOR'S OFFICE,
JOHN SKRZYNSKI, JANE/JOHN DOE(S),
WATERFORD POLICE DEPARTMENT,
DET. WAGNER, SGT. GIROUT[1], FNU POST,
JANE/JOHN DOE(S), OAKLAND COUNTY
CIRCUIT COURT JUDGE COLLEN O'BRIAN[2]
and STAFF, JANE/JOHN DOE(S),
USDC JUDGE JANET NEFF and STAFF,
JANE/JOHN DOE(S), MICHIGAN ATTORNEY
GENERAL'S OFFICE, JOHN PALLAS, and
JANE/JOHN DOE(S), MRS. GIROUX, MR. COLLS,
MRS. BYRON, GREG GWYZDOWSKI,
USDC JUDGE DAVID LAWSON and STAFF,
JANE/JOHN DOE( S),

        Defendants.
_____/

**OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION TO STOP CORRUPTION (Dkt. # 9),
(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. #11),
<u>AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT (Dkt. #14)</u>**

**I. Introduction**

This matter is pending before the Court on David Douglas McCloy's *pro se* civil rights complaints under 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Egeler Reception and Guidance Center in Jackson, Michigan. The defendants

---

[1] Plaintiff spells this person's name as "Giroux" elsewhere in his complaint.

[2] The correct name for this defendant appears to be Colleen O'Brien.

are various government officials and a few individuals who appear to be private citizens. Because the defendants include both state and federal officials, the Court liberally construes the *pro se* complaint, as it must, *Wallace v. FedEx Corp.*, 764 F.3d 571, 583 (6th Cir. 2014), to be brought under both § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3]

Plaintiff commenced this action on August 8, 2014, by filing a lengthy handwritten complaint with multiple attachments. More recently, Plaintiff filed a second complaint, which makes many of the same allegations as the first complaint. The second complaint is an amended complaint, which supersedes the "earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). Therefore, Plaintiff's only pending complaint before this Court is his second complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (stating that, after the petitioner filed his amended petition, "only that petition remained pending before the district court").

The complaint alleges that the defendants are corrupt and that they violated Plaintiff's constitutional rights during a criminal prosecution against him and during his incarceration. He seeks injunctive relief and any other relief to which he may be entitled. He has also filed a motion for appointment of counsel and a motion to stop governmental corruption.

## II. Legal Standard

---

[3] *Bivens* is the federal analog to a suit brought against state officials under 42 U.S.C. § 1983; it implies a private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To prevail on his claim under either *Bivens* or § 1983, Plaintiff must prove two elements: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Analysis

Plaintiff's complaint is a rambling document containing string citations and mostly incomplete sentences. The discernible allegations fall into two categories: (1) a challenge to a state criminal prosecution and (2) a challenge to the conditions of Plaintiff's confinement in prison. For the reasons given below, the allegations lack an arguable basis in law and fail to state a plausible claim for relief.

### A.  The Challenge to the Criminal Prosecution

Plaintiff alleges that the prosecutor's team in his criminal case engaged in misconduct throughout the investigation. More specifically, Plaintiff claims that the prosecution relied on false testimony, tampered with evidence, and hid evidence. Although Plaintiff has already been convicted and sentenced, he seeks to have the Court order the defendants to refrain from prosecuting him on the warrant or criminal information. He also seeks a final judgment declaring that the defendants' incarceration of him violates his constitutional rights.

When, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's challenge to the state prosecution against him is "cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies." *Id*. at 499 n.14. Furthermore, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court stated:

> to recover damages for allegedly unconstitutional conviction or

4

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (1994) (footnote omitted)(emphasis in original). Although Plaintiff may not be seeking money damages,

> a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement. Therefore, his challenge to the state prosecution against him is barred in this civil rights action.

A number of the defendants, moreover, are immune from suit. "The immunity of judges for acts within the judicial role is . . . well established." *Pierson v. Ray*, 386 U.S. 547, 554 (1967), *overruled on other grounds by Harlow v. Fitzgerald*, 476 U.S. 800 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). Further, Plaintiff's "claim for injunctive relief fails because 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Savoie v. Martin*, 673 F.3d 488, 496 (6th

5

Cir. 2012) (quoting 42 U.S.C. § 1983). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, his claims against Judges O'Brien, Neff, and Lawson are barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Plaintiff's claims against the Oakland County Prosecutor's Office and assistant prosecutor John Skrzynski fail because "[f]unctions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). As an assistant prosecutor, defendant John Skrzynski and other assistant prosecutors in the Oakland County Prosecutor's Office have absolute immunity for "appearances at probable cause and grand jury hearings, evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings, and preparation of witnesses for trial." *Id.* (citations omitted). Prosecutorial immunity also extends to the knowing use of false testimony at trial. *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 484 (1991)).

"The principles set forth in *Pierson v. Ray* to protect judges and in *Imbler v. Pachtman* to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just-or possibly unjust-conclusion is equally indispensable." *Briscoe v. LaHue*, 460 U.S. 325, 345-346 (1983). The defendants identified in the complaint as Sergeant Giroux, Mrs. Giroux, Greg Gwyzdowski, Mrs. Byron, and Mr. Colls apparently were witnesses in Plaintiff's criminal case. As witnesses, they enjoy immunity from a claim for money damages, and to the extent they were testifying as private citizens, they cannot be held

liable because they were not state actors.

## B. The Challenge to the Conditions of Confinement

Plaintiff's remaining allegations pertain to the conditions of confinement. He claims that correctional officials are using insulin as an attack weapon by giving him either the wrong amount of insulin or no insulin at all. Plaintiff further alleges that the defendants have denied him pain medication, a stress test, an opportunity for exercise, a prison job, and a check-up for possible cancer of the mouth. Additionally, the defendants allegedly have segregated Plaintiff repeatedly, forced him to live in unsanitary conditions, placed in living quarters with diseased and violent inmates, and interfered with his ability to conduct legal research.

While some of these allegations are serious, none of the named defendants appear to be employed by the Michigan Department of Corrections or to have any responsibility for Plaintiff's conditions of confinement. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; accord *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (explaining that a plaintiff must allege what each defendant did to violate the asserted rights and that claims against governmental officials for alleged violations of constitutional rights "cannot be founded upon conclusory, vague, or general allegations"); *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that, "for the plaintiff to proceed, he should provide detail as to how each defendant allegedly violated his constitutional rights"). Plaintiff has failed to show how the named defendants personally contributed to his

unacceptable living conditions. Thus, his allegations about the conditions of prison life do not warrant relief.

### IV. Conclusion

Plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff's motion to compel certain federal entities to stop government corruption (dkt. #9) and Plaintiff's motion for appointment of counsel (dkt. #11) are denied as moot. Finally, the Court certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: November 21, 2014
S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on November 21, 2014, the foregoing document was served on counsel of record via electronic means and upon David McCloy via First Class mail at the address below:

David McCloy 471229
Charles Egeler Reception and Guidance Center Annex
3855 Cooper Street
Jackson, MI 49201

S/ J. McCoy
Case Manager